# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HOWARD COHAN                                    CIVIL ACTION NO.

VERSUS                                          18-1072-BAJ-EWD

TMBC, L.L.C.

## RULING AND ORDER

Before the Court[1] is a Motion to Stay Discovery (the "Motion to Stay"),[2] filed by Defendant TMBC, L.L.C. ("TMBC"). The Motion is opposed[3] by the plaintiff, Howard Cohan ("Plaintiff"). Also before the Court is the Motion for Extension of Discovery Response Deadlines Pending Ruling on Motion to Stay Discovery ("Motion for Extension"),[4] filed by TMBC. For the reasons that follow, the Motion to Stay is granted. Discovery in this matter is stayed until the pending Motion to Dismiss Plaintiff's Amended Complaint,[5] filed by TMBC, is ruled upon by the Court. If the Court denies some or all of TMBC's Motion to Dismiss, then TMBC's responses to plaintiff's discovery requests are due no later than fourteen days after such ruling. In light of the stay, the Motion for Extension is denied as moot.

---

[1] A magistrate judge may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). Moreover, as this motion is not one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See Wilson v. Sharp,* No. 17-84, 2017 WL 4685002 (M.D. La. Oct. 18, 2017) at *1, n. 3 (granting motion to stay discovery) citing *Boyd v. Occidental Fire & Casualty Co. of North Carolina*, No. 10-0672, 2011 WL 4062383 at *1, n. 1 (M.D. La. Sept. 13, 2011).
[2] R. Doc. 17.
[3] R. Doc. 19.
[4] R. Doc. 20.
[5] R. Doc. 16. The first motion to dismiss the original complaint was filed on February 6, 2019 and is still pending. R. Doc. 11. After Plaintiff amended his complaint (R. Doc. 15), TMBC filed a Second Motion to Dismiss. R. Doc. 16. The filing of the amended complaint and second motion to dismiss renders the first motion to dismiss moot. Accordingly, this Ruling and Order focuses only on the second motion to dismiss.

**I.     Background**

Plaintiff is a citizen of Florida and claims to have numerous disabilities, including a "qualified disability" within the meaning of 28 C.F.R. § 36.104.[6] Plaintiff claims that TMBC is a "public accommodation covered by Title III" of the Americans with Disabilities Act ("ADA") because it owns and/or operates a Cabela's ("Cabela's") store located in Gonzales, Louisiana, which Plaintiff claims to have personally visited on May 8, 2018.[7] On December 9, 2018, Plaintiff filed his original Complaint[8] in this Court, alleging Cabela's violates the ADA[9] because Plaintiff encountered various barriers to access for mobility-impaired individuals while visiting the store.[10] Due to those barriers, Plaintiff contends that TMBC denied him full and equal access and enjoyment of Cabela's services, and also failed to make reasonable accommodations for him.[11] In connection with these claims, Plaintiff seeks declaratory and injunctive relief, costs, and attorney's fees.[12]

On February 6, 2019, TMBC filed a Motion to Dismiss (the "First MTD") seeking to dismiss Plaintiff's original complaint for failure to state a claim and lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[13] In response, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff filed his Verified First Amended Complaint for Declaratory and Injunctive Relief ("Amended

---

[6] R. Doc. 1, ¶¶ 3, 7-8.
[7] R. Doc. 1, ¶¶ 5, 16, 18.
[8] *See* R. Doc. 1, which Plaintiff subsequently amended on February 21, 2019 via the filing of his Verified First Amended Complaint. *See* R. Doc. 15.
[9] 42 U.S.C. § 12181 *et seq.*
[10] R. Doc. 1, ¶ 18.
[11] R. Doc. 1, ¶¶ 9, 17.
[12] R. Doc. 1, ¶¶ 25-30 (prayer for damages).
[13] R. Doc. 11.

Complaint"),[14] which is currently the operative Complaint in this matter. The Amended Complaint sets forth additional details in support of Plaintiff's claims in an attempt to address the arguments raised in TMBC's First MTD, including Plaintiff's "occasional" use of a mobility-assisting device, his "regular[]" travels to Louisiana and his plans to return to the Gonzales area in 2019, his intent to return to Cabela's to verify ADA-compliance after he is notified of "remediation of discriminatory conditions," and his status as an ADA "tester" who inspects facilities for accessibility by disabled individuals.[15]

On March 7, 2019, TMBC filed another Motion to Dismiss (the "Second MTD"), seeking to dismiss the Amended Complaint. TMBC also filed the instant Motion to Stay.[16] The Second MTD seeks dismissal of Plaintiff's Amended Complaint on the grounds that Plaintiff lacks standing to seek injunctive relief because Plaintiff failed to allege he suffered an injury in fact (and in particular, has testified in other proceedings that he does not use a wheelchair),[17] failed to allege that he faces a realistic threat of future harm, and/or failed to allege his intent to return to Cabela's.[18] TMBC contends that Plaintiff's lack of standing deprives this Court of subject matter jurisdiction.[19] According to TMBC, a stay of discovery is warranted because, if the Court grants the Second MTD, Plaintiff's claims will be disposed of, thus discovery will be unnecessary, and "discovery should particularly not take place when the question of this Court's jurisdiction has been raised."[20] TMBC's April 4, 2019 Motion for Extension to respond to discovery was filed pending a ruling on the Motion to Stay.[21]

---

[14] R. Doc. 15 *and see* R. Doc. 19, p. 2, n. 1.
[15] R. Doc. 15, ¶¶ 8, 11, 13-14.
[16] R. Docs. 16-17.
[17] *See* R. Doc. 16-2, p. 6.
[18] R. Doc. 16-1, pp. 2, 4, 6-12.
[19] R. Doc. 16-1, pp. 4-5, 13.
[20] R. Doc. 17-1, p. 2.
[21] R. Doc. 20, p. 1.

3

In response, Plaintiff contends that Plaintiff's memorandum opposing the Second MTD and the Amended Complaint establish that Plaintiff was harmed by architectural barriers at Cabela's and that Plaintiff intends to return to Gonzales once the barriers have been remediated, which also establishes Plaintiff's standing to sue.[22] Plaintiff contends that TMBC is not automatically entitled a stay of discovery and TMBC's request for a stay is actually a request for a Fed. R. Civ. P. 26(c) protective order, which must be supported by a showing of good cause and a consideration of TMBC's likelihood of success on the Second MTD and the likelihood of prejudice.[23] Plaintiff contends that his allegations are sufficient to survive TMBC's Second MTD, such that a stay would unnecessarily delay this matter.[24]

## II. Law and Analysis

Fed. R. Civ. P. 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[25] Plaintiff correctly notes that Fed. R. Civ. P. 26(c)(1)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[26] "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[27]

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of "cases" and "controversies."[28] The case or controversy requirement mandates that

---

[22] R. Doc. 18, pp. 2-3.
[23] R. Doc. 19, pp. 4-5.
[24] R. Doc. 19, p. 5.
[25] *June Medical Services, LLC v. Gee*, No. 17-404, 2018 WL 357874 at *2 (M.D. La. Jan. 10, 2018) *citing In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*quoting United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).
[26] R. Doc. 19, p. 4 *citing In re Terra Intern., Inc.*, 134 F.3d at 306.
[27] *June Medical Services,* 2018 WL 357874, at *2 (*quoting Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).
[28] U.S. Const., Art. III.

the plaintiff have standing to initiate the action.[29] "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."[30] The absence of standing deprives the court of subject matter jurisdiction.[31] Whether the plaintiff has standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."[32]

Considering the foregoing, good cause exists to stay discovery until the Court issues a ruling on the second MTD, which challenges Plaintiff's Article III standing to bring his claims—a threshold issue.[33] *Sai v. Department of Homeland Security*,[34] cited by Plaintiff, supports a stay in this case. The *Sai* court entered a stay of discovery pending a ruling on dispositive motions, holding:

> Plaintiff is correct that courts often permit discovery while motions to dismiss and other threshold motions are pending. But it is equally true that courts, including this Court, have often stayed discovery 'while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.' *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004) (citation omitted). Courts 'are vested with broad discretion to manage the conduct of discovery,' *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001), with the ultimate goal of ensuring the 'just, speedy, and inexpensive determination of every action and proceeding,' Fed.R.Civ.P. 1. In that vein, '[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all

---

[29] *See, e.g., Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).
[30] *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975).
[31] *See Kasprzak v. American General Life & Acc. Ins. Co.,* No. 95-0903, 942 F.Supp. 303, 305 (E.D. Tex. Sept. 18, 1996) (standing is an essential component of federal jurisdiction) (citation omitted).
[32] *Id.*
[33] *Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 14-257, 2014 WL 1976867 at *2 (N.D. Tex. May 15, 2014), cited by Plaintiff, is factually distinguishable on two grounds: first, a motion to stay had not been filed in that case; instead, the pleading before the court was a motion to compel the defendants to participate in a Fed. R. Civ. P. 26(f) conference. *Id*. at **1-2. Second, the motion to dismiss filed in *Escareno* did not raise challenges to the plaintiffs' Article III standing or the court's subject matter jurisdiction; rather, the motion to dismiss alleged the plaintiffs failed to sufficiently establish an exception that rebutted the defendants' presumption of nonliability under Texas law and failed to sufficiently allege a claim for relief. *Id*.
[34] No. 14-1876, 99 F.Supp.3d 50, 58 (D.D.C. April 16, 2015).

concerned, and to make the most efficient use of judicial resources.'
*Chavous*, 201 F.R.D. at 2 (citation omitted).[35]

### III. Conclusion

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion to Stay Discovery,[36] filed by Defendant TMBC, L.L.C., is **GRANTED.**

**IT IS FURTHER ORDERED** that, if claims remain after the Court's ruling on the pending Motion to Dismiss, TMBC's responses to plaintiff's discovery requests will be due no later than fourteen days after such ruling.

**IT IS FURTHER ORDERED** that the Motion for Extension of Discovery Response Deadlines[37] is **DENIED AS MOOT** in light of the order granting of the Motion to Stay Discovery.

Signed in Baton Rouge, Louisiana, on April 30, 2019.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] *United States ex rel. Robinson v. Indiana University Health Inc.*, No. 13-2009, 2015 WL 3961221 (S.D. Ind. June 30, 2015), also cited by Plaintiff, is distinguishable. In that case, a scheduling order was in place, and the court found that imposing a stay would unfairly prejudice the plaintiff because of the scheduled deadlines. 2015 WL 3961221 at *6. In this case, however, a scheduling order has not been entered and thus a stay of the proceedings will not unduly prejudice Plaintiff. Moreover, the *Robinson* court specifically noted that a stay may be appropriate where a dispositive motion raises a threshold issue:
> The Court appreciates the desire to avoid unnecessary discovery battles, but this desire typically justifies granting a stay only where a motion to dismiss raises 'threshold' issues such as standing, jurisdiction, or qualified immunity. *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13–1054, 2014 WL 1797674, at *2 (C.D.Ill. May 6, 2014) (collecting cases). Such issues may, in some cases, justify granting a stay, but this is because a defect such as lack of jurisdiction affirmatively demonstrates that a case 'can go nowhere.' *Id.*

[36] R. Doc. 17.
[37] R. Doc. 20.