UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOWARD COHAN                               CIVIL ACTION

VERSUS

TMBC, LLC                                    NO.: 18-1072-BAJ-EWD

### RULING AND ORDER

Before the Court are TMBC, LLC's **Motions to Dismiss (Docs. 11, 16)** Howard Cohan's disability-discrimination claims for lack of standing. For the reasons that follow, the **Motions (Docs. 11, 16)** are **GRANTED**.

### I. BACKGROUND

This dispute arises from Cohan's cross-country treks testing compliance with the Americans with Disabilities Act (ADA). In this case, as in over 1,600 others, he sues a business for violating Title III of the ADA.[1]

Cohan alleges that he suffers from a qualified disability under the ADA. (Doc. 1 at ¶ 8). He alleges that he visited a Gonzales, Louisiana Cabela's store and

---

[1] The Court's limited review of district-court dockets indicates that Cohan has filed 14 lawsuits in the Middle District of Louisiana, 16 in the District of Colorado, 99 in the Northern District of Illinois, 215 in the Middle District of Florida, and 1,358 in the Southern District of Florida. Of course, Cohan's "tester" motive is irrelevant to his standing. *See Colo. Cross Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014).

1

"personally encountered architectural barriers" in the restrooms. (*Id.* at ¶ 18). He alleges that the "barriers" deny him "full and equal access to the goods and services" Cabela's offers non-disabled persons. (*Id.* at ¶ 17). These "barriers" include (1) improperly positioned toilet paper, soap, and paper towel dispensers; (2) grab bars of improper height; (3) mirrors of improper height; and (4) toilet seats of improper height. (*Id.* at ¶ 18).

Cohan lives in Palm Beach County, Florida. (*Id.* at ¶ 3). But he alleges that he "would return" to the Cabela's store—over 800 miles away—if it modified its policies to accommodate his disability. (*Id.* at ¶ 10). He alleges that "he is deterred from returning" to the store because of the "barriers." (*Id.*). He sued the owner of the store, TMBC, for violating the ADA. (*Id.* at ¶¶ 11–24). He seeks declaratory and injunctive relief. (*Id.* at ¶¶ 25–31).

TMBC moves to dismiss Cohan's claims under Federal Rule of Civil Procedure 12(b)(1) on the ground that Cohan fails to allege sufficient facts to support standing under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016). (Docs. 11, 16). Cohan opposes. (Doc. 18).

## II. LEGAL STANDARD

This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Cohan invokes that jurisdiction, he bears the burden of proving it. *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2)

2

the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

### III. DISCUSSION

The Court's jurisdiction extends only to "cases" and "controversies." U.S. CONST. art. III, § 2. Standing is part of the case-or-controversy requirement and is "determined as of the commencement of suit[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, Cohan must "clearly allege" three elements: (1) he suffered an injury-in-fact, (2) that is fairly traceable to TMBC's challenged conduct, and (3) that is likely to be redressed by a favorable decision. *See Spokeo*, 136 S. Ct. at 1548.

Injury-in-fact is the "first and foremost" of these elements. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998). To establish injury-in-fact, Cohan must allege that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

Because Cohan seeks equitable relief, "he must also show that 'there is a real and immediate threat of repeated injury.'" *Deutsch v. Annis Ent., Inc.*, 882 F.3d 169,

173 (5th Cir. 2018) (per curiam) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).[2] A past injury will not do. *See Lyons*, 461 U.S. at 111.

Cohan fails to "clearly allege" facts sufficient to show standing. *See Spokeo*, 136 S. Ct. at 1548. He alleges no facts showing a "real and immediate threat of repeated injury." *Deutsch*, 882 F.3d at 173. His vague allegation that "he is deterred from returning" to the store because of "barriers" is not the type of future-injury allegation that suffices. *See id* (citing *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc)).[3] It is instead the type of "some day" allegation that, "without any description of concrete plans," does not support standing. *Lujan*, 504 U.S. at 564.

Even if Cohan did "descri[be] concrete plans" to return to the store, his allegations would not support standing. *Frame*, 657 F.3d at 235. Cohan does not allege that the "barriers" at the store "negatively affect his day-to-day life." *Deutsch*, 882 F.3d at 176. Nor can he: he lives 800 miles away, has visited the store once, and has identified no non-litigious reason to revisit it. *Compare Kennedy v. Solano*, 735 F. App'x 653, 655–56 (11th Cir. 2018) (per curiam) (holding that ADA plaintiff lacked standing to sue restaurant for injunctive relief because she lived 170 miles away and had visited the restaurant just once before filing suit) *with Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013) (holding that ADA

---

[2] Cohan cannot recover damages under Title III of the ADA. *See* 42 U.S.C. § 12188(a)(2); *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997).

[3] Although *Frame* is a Title II case, its standing analysis derives from Title III cases. *See* 657 F.3d at 235–236 (citing *Disabled Arms. for Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60 (1st Cir. 2005) and *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002)).

4

plaintiff had standing to sue a store for injunctive relief because she lived 30 miles away, had visited it twice before, and visited the area "on a regular basis"). No matter how his opposition papers characterize them, the "barriers" at the Gonzales Cabela's store did not "actually affect" Cohan's activities in any "concrete way" at the time he invoked this Court's jurisdiction. *See Frame*, 657 F.3d 236.

The Court rejects Cohan's attempt, through a declaration (Doc. 18-1) and an amended complaint (Doc. 15), to create standing he did not initially have. *See United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 328 (5th Cir. 2011). For his standing is "determined as of the commencement of suit[.]" *Lujan*, 504 U.S. at 560; *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed.").[4]

In the declaration and amended complaint, Cohan claims that he "regularly travels" to Louisiana and "plans to return to the Gonzales area" in May 2019. (Docs. 15 at ¶ 11; 18-1 at ¶ 25). He appears to have formed that "plan" after TMBC challenged his standing—two months after he filed this suit. (Doc. 1). That is a defective jurisdictional *fact*, not an inadequate jurisdictional *allegation*. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Cohan's post-complaint conduct and filings do not speak to his standing—or this Court's jurisdiction—at the time he filed

---

[4] The Court recognizes the split of authority on the question whether a plaintiff may amend his complaint to cure an Article III standing defect by alleging facts that arose after the filing of the original complaint. *See Scahill v. District of Columbia*, 909 F.3d 1177, 1183–84 (D.C. Cir. 2018) (noting circuit split and collecting cases). The Fifth Circuit has not addressed the question.

this suit.[5] *See Kennedy*, 735 F. App'x at 654 (holding that ADA "tester" plaintiff's post-filing visit to store was not relevant to standing).

* * *

Cohan has not met his burden of proving subject-matter jurisdiction because he has not established the injury-in-fact that is required to support standing.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant TMBC, LLC's **Motions to Dismiss (Docs. 11, 16)** are **GRANTED**. Plaintiff Howard Cohan's claims are **DISMISSED** without prejudice for lack of subject-matter jurisdiction. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 17th day of May, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] Even if they did, Cohan would not have standing. Neither the declaration nor the amended complaint establishes that the "barriers" at the Gonzales Cabela's store 800 miles from his home "negatively affect his day-to-day life." *Deutsch*, 882 F.3d at 176.